## S. D. Ryan, Appellee, v. Thomas E. McArdle, Appellant.

### Gen. No. 19,324. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. James C. Martin, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed October 7, 1914.

### Statement of the Case.

Action by S. D. Ryan against Thomas E. McArdle to recover instalments of rent from October 1, 1906, to September 1, 1910, alleged to be due by the terms of a lease. A trial by the court resulted in a finding and judgment against defendant for $1,845. To reverse the judgment, defendant appeals.

Plaintiff in a former suit brought in the County Court to recover $795.52 salary and instalments of rent alleged to be due under the same lease from September 1, 1905 to October 1, 1906, recovered a judgment against defendant for $472.50, which judgment was affirmed by the Appellate Court. See *Ryan v. McArdle,* 159 Ill. App. 579.

In the present suit the proceedings in the former suit were incorporated in plaintiff's statement of claim and the complete record in the former suit, including the opinion of this court on the former appeal and its mandate affirming the judgment, were introduced in evidence.

The bill of particulars filed by the plaintiff in the former suit is as follows:

"Salary and rent from September 1, 1905, to
   January 6, 1906.........................$ 630.00
Rent from January 6, 1906, to October 1,
   1906 .................................    660.00
                                         $1,290.00
        Credit.
By cash on account........................$494.48

Balance due on October 1, 1906.............$795.52"

The principal claim of plaintiff in the present suit is stated in his statement of claim filed herein as follows:

"Par. 15. That after the beginning of this (the) suit in the preceding paragraphs mentioned (being the former suit on the County Court) there has accrued due to the plaintiff from the defendant as rent under the agreement herein and in said sum pleaded rent at the rate of $75 per month from the first of October, 1906, to the 30th of August, 1910, 47 months, making an aggregate of $3,525.00.

"Par. 16. That the plaintiff has received as a credit on said $3,525.00, by re-renting the premises in said agreement leased for the account of said defendant sums aggregating $1,680.00, and no more, as follows, viz.:

| | |
|---|---:|
| "From 1st of October, 1906, to 30th of September, 1907, at $50 per month | $1,200.00 |
| "From August 26, 1909, to February 25, 1910, at $30 per month | 180.00 |
| "From February 26, 1910, to August 26, 1910, at $50 per month | 300.00 |
| | $1,680.00 |

Leaving a balance of $1,845.00 due the plaintiff."

Defendant's affidavit of merits averred, as a ground of defense to the whole of plaintiff's claim, that on or prior to October 1, 1906, the plaintiff repossessed himself of the premises so as to constitute an eviction, and further averred that the defense of eviction in the former suit was successfully made, and that the judgment was *res adjudicata* as between plaintiff and defendant that the defendant had been evicted.

MONTGOMERY, HART & SMITH, for appellant.

MCARDLE & MCARDLE, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. STATUTES, § 272*—*necessity of pleading foreign statutes.* Laws of other States are required to be pleaded and proved in the courts of this State as facts.

2. JUDGMENT, § 517*—*when former judgment in suit for rent res adjudicata on question of eviction.* A recovery of rent in a former action *held res adjudicata* on the question whether the tenant had been evicted from the premises by the landlord reletting the premises so that the defense of eviction could not be availed of by the tenant in a subsequent suit to recover further instalments of rent, where it appeared from the record of the proceedings in the former suit and also in the opinion of the Appellate Court on an appeal from such judgment that recovery was had for the period during which the tenant claimed the eviction took place.